## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

REALTIME TRACKER, INC.,

    Plaintiff,

v.

RELX, INC. d/b/a LEXISNEXIS,

    Defendant.

Case No. 1:21-cv-08815

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## PLAINTIFF REALTIME TRACKER'S COMPLAINT FOR
## PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Realtime Tracker, Inc. ("Realtime" or "Plaintiff") by and for its Complaint against Defendant RELX, Inc. d/b/a LexisNexis ("RELX" or "Defendant") hereby alleges as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States. Realtime holds the rights in U.S. Patent No. 8,229,810 ("the '810 Patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '810 Patent is entitled to a presumption of validity. Realtime is suing RELX for infringing Realtime's '810 Patent, and doing so willfully. Realtime seeks to recover damages from RELX, including treble damages for willful infringement.

## THE PARTIES

2.      Plaintiff Realtime is a limited liability corporation, organized and existing under the laws of the State of New York, having a place of business at 398 Route 111, Smithtown, New York 11787.

3.      On information and belief, Defendant RELX is a corporation organized and existing under the laws of the State of Massachusetts, with its headquarters and principal place of business at 230 Park Avenue, New York, New York 10169.   On information and belief, LexisNexis is a division of Defendant RELX, Inc.

## JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq*.  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over RELX because RELX maintains its headquarters and principal place of business in New York.  This Court also has personal jurisdiction over RELX because, upon information and belief, RELX regularly solicits and conducts business in New York and engages in other persistent courses of conduct in New York.  This Court also has personal jurisdiction over RELX because, upon information and belief, RELX commits acts of infringement in New York, including but not limited to using methods that directly infringe one or more claims of Realtime's patent and also by making, offering to sell, licensing and selling products that directly infringe, and that its customers use to directly infringe, one or more claims of the '810 Patent.

6.       Upon information and belief, RELX directly or through its LexisNexis division makes, uses, offers for sale, licenses, sells, imports, advertises, makes available and/or markets and, at all relevant times has made, used, offered for sale, licensed, sold, imported, advertised and made available

and/or marketed products that infringe the '810 Patent within the Southern District of New York, including through its website: www.lexisnexis.com.

## VENUE

7.     Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8.     Upon information and belief, RELX resides in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of infringement of the '810 Patent in this District, solicits business in this District, conducts other business in this District, and has a regular and established place of business within this District.

## FACTUAL BACKGROUND

### A.     The Realtime Billable Timekeeper Invention

9.     The inventors of the '810 Patent, Cynthia S. Butera and Celeste M. Butera, who are both attorneys in good standing admitted to the bar in New York in 1998 and 1990, respectively,  are the sole owners of Realtime Tracker, Inc., the sole assignee and owner of the '810 Patent, holding all rights, title and interest in and to the '810 Patent, including the sole right to enforce the '810 Patent.

10.     A true and correct copy of the '810 Patent is attached hereto as **Exhibit 1**.

11.     The '810 Patent, entitled "Realtime Billable Timekeeper Method, System And Apparatus" was duly and legally issued by the United States Patent & Trademark Office ("USPTO") on July 24, 2012, including forty (40) claims.   All of the claims are directed to automatically tracking billable time for an individual using a computer generated timekeeper entry box by personal code and client identifier on a document-by-document, service-by-service or telephone call-by-telephone call basis in realtime.  The claims can be categorized as follows:

- method (independent Claim 1 and dependent Claims 2-9, 32), apparatus (independent Claim 10 and dependent Claims 11-18) and computer readable medium (independent Claim 18 and dependent Claims 19-25) for tracking in

realtime on a document-by-document basis;

- method (independent Claim 26 and dependent Claims 33, 35), apparatus (independent Claim 27 and dependent Claim 36) and computer readable medium (independent Claim 28 and dependent Claim 37) for tracking in realtime on a service-by-service basis; and

- method (independent Claim 29 and dependent Claims 34, 38), apparatus (independent Claim 30 and dependent Claim 39) and computer readable medium (independent Claim 31 and dependent Claim 40) for tracking in realtime on a telephone call-by-telephone call basis.

In sum, the claimed invention of the '810 Patent covers methods, apparatus or computer readable medium that use a computer generated timekeeper entry box associated with a personal code and a client identifier to automatically track time corresponding to at least one activity (document, service or telephone call) on a task-by-task basis (i.e., document-by-document, service-by-service and telephone call-by-telephone call) in realtime.

12. The '810 Patent issued after a thorough and assiduous prosecution during which the Examiner hired an independent contractor to conduct a prior art search. The Examiner's stated Reasons for Allowance of the '810 Patent claims are (**Exhibit 2**):

> The most remarkable prior art of record are Goykhman (US Patent Publication No. 2002/0174134), Collado (U.S. Patent Publication No. 2002/0069145) Eisenberg (US Patent Publication No. 2003/0069815) and Katz (U.S. Patent No. 5,963,912).
>
> Goykhman is not directed to using a computer to automatically track an individual's task-by-task timekeeping associated with a personal code. Goykhman does not disclose an individual timekeeper entry box which includes a personal code and contemporaneously tracks time associated with the personal code that a document, service or telephone call is in use or in session. Instead, Goykhman is directed to monitoring time by selected activity, not by individual.
>
> Collado simply discloses a "user interface" for entry of information in a timecard and a "calendar system" enabling a user to enter "appointment data specifying the data and start/end time for each appointment entry, as well as descriptive

information regarding the appointment."  This teaches away from the invention because the entry in the invention is done automatically in the system.

None of the prior art of record remedies the deficiencies found in Goykhman, Collado, Eisenberg or Katz.  Furthermore, neither the prior art, the nature of the problem, nor knowledge of a person of ordinary skill in the art, provide any reasonable rationale to combine prior art teachings.

Thus, the Examiner recognized that the claimed invention requires a unique computer generated individual timekeeper entry box configured with customized user input capability in the form of "an entry for a personal code" and "a second entry for a client identifier" and automatic timer to provide contemporaneous individual timekeeping that automatically tracks time on a task-by-task and client-by-client basis.

13.    The asserted claims of the '810 Patent are directed to methods and computer readable medium which implement a unique computer generated individual timekeeper entry box configured for inputting a personal code and a client identifier and with an automatic timer on a task-by-task basis (e.g., each document is in use and each service and/or telephone call is in session), comprising:  (a) detecting opening of a document, initiation of a client-service or initiation of a telephone call; (b) generating an "individual timekeeper entry box" configured with "an entry for a personal code" and "a second entry for a client identifier;" and (c) contemporaneously tracking time associated with the personal code and the client identifier of the document in use, the client-service or the telephone call on task-by-task and client-by-client bases.

14.    The claimed inventions of the '810 Patent provide technological improvements in computer functionality by implementing a unique  computer generated individual timekeeper entry box having an "entry for a client identifier" that may be customized to create an individual's task/service timekeeper entries on a client-by-client realtime basis, including the same task/service timekeeper entry for multiple different clients.

15.     The claimed inventions of the '810 Patent provide technological improvements in computer functionality by implementing a unique computer generated individual timekeeper entry box having an "entry for a personal code" that may be customized to create task/service timekeeper entries on a client-by-client realtime basis for multiple different individuals.

16.     The claimed inventions of the '810 Patent provide technological improvements in computer functionality by implementing particular protocols to enhance the integrity, authenticity and accuracy of an individual's task/service timekeeper entries on a realtime basis.

### B.      Widespread Infringement Of The Claimed Invention

17.     The '810 Patent has been and continues to be widely infringed by companies throughout the country selling and using software products configured to operate on computer(s) to generate a timekeeper entry box that automatically tracks in realtime activities on a task-by-task basis (e.g., creating, preparing or revising documents, performing services, conducting telephone or video conference calls)  associated with a personal code and a client identifier.  The need for the claimed invention has grown enormously, particularly during the COVID-19 pandemic, when individuals have used the claimed invention to automatically track billable time on a realtime basis while working from home and in the office.

### C.      LexisNexis's Infringing Juris® Suite Time Entry Screen

18.     By way of example, Claim 26 of the '810 Patent is directed to a method for tracking time using a computer generated timekeeper entry box based on a personal code and client identifier on a service-by-service basis as follows:  A method for individual realtime billable timekeeping using a computer, comprising a computer program for:  detecting initiation of at least one client service; and generating an individual timekeeper entry box including an entry for a personal code and a second entry for a client identifier corresponding to said at least one client-service wherein said individual timekeeper entry box contemporaneously tracks time associated with said personal code and said client-

service to track time for an individual by client on a client-service by client-service basis using a computer.

19.     An example of the claimed Timekeeper Entry Box is shown in Figure 3 of the '810 Patent illustrated below, including customized entries for, in this example, client identifier 320 and personal code 330, a display of computer generated start time 340, end time 350 and total time 360 and control command buttons minimize 370, maximize 380, pause 385, end 390 and erase 395.



FIG. 3

20.     On information and belief, RELX, through its LexisNexis division, manufactures, uses, offers for sale, licenses and/or sells its Juris® Suite Timer software, including a Juris® Suite time entry screen, in multiple versions, including its most recent 3.0 version, that uses a computer generated timekeeper entry box to automatically track on a realtime basis an employee's billable time by personal code and client identifier corresponding to said employee's activities generating documents, performing services and/or participating in telephone or video conference calls (hereinafter "the Accused Products"). The Accused Products are used, offered for sale, licensed and/or sold on at least

*lexisnexis.com*.

21.     LexisNexis advertises that Juris® Suite "was built in collaboration with attorneys and with one objective – to increase productivity and per-partner income."  **Exhibit 3** at 1 ("**Juris®  Suite** A revolutionary add-on solution to capitalize on your Juris data.").  LexisNexis further promotes that: "While Time and Expenses was built for the legal professional, its benefits do not leave the accounting and administrative side of the law firm without powerful features that will shorten the billing cycle, speed up cash flow, and increase realization.  Time and Expenses provides timekeepers and staff with a time management platform for keeping detailed time records, enforcing time entry compliance, and monitoring productivity." **Exhibit 3** at 2. "Juris® Suite Reporting gives firm leaders a **real-time** view of timekeeper productivity, client/matter status, and other financial indicators at the click of a button, enabling them to make informed business decisions."  (Emphasis supplied).  **Exhibit 3** at 2.

22.     An example of LexisNexis's Juris® Suite time entry screen that includes all of the features of the claimed timekeeper entry box, including a personal code, client identifier and an automatic timer for tracking in realtime an employee's billable time on a task-by-task basis generating a document, participating in an activity or a telephone call, is shown below **(Exhibit 3** at 2):



*An example time entry*

COMPLAINT FOR PATENT INFRINGEMENT

23.     As shown by the following exemplary claim charts, the manufacture, use, offer for sale, license and/or sale by LexisNexis of the Accused Products infringes at least the following claims of the '810 Patent:  independent method Claim 1 (and its dependent Claims 2-4, 7-8) directed to tracking time for an individual by client on a document by document basis; independent method Claim 26 directed to tracking time for an individual by client on a client-service by client-service basis; independent method Claim 29 directed to tracking time for an individual by client on a telephone call by telephone call basis; independent computer readable medium Claim 18 (and its dependent Claims 19-21, 23-24) directed to tracking time for an individual by client on a document by document basis; independent computer readable medium Claim 28 directed to tracking time for an individual by client on a client-service by client-service basis; and independent computer readable medium Claim 31 directed to tracking time for an individual by client on a telephone call by telephone call basis.  *See, e.g.,* *https://youtu.be/IqsLXL88ja8*.

**U.S. Patent No. 8,229,810 Claim Charts**

| Claim 29 of Plaintiff's '810 Patent | LexisNexis's Juris® Suite Timer |
| --- | --- |
| A method for individual realtime billable timekeeping using a computer, comprising a computer program for: | Juris® Suite Timer provides realtime billable timekeeping using a computer comprising a Juris® Suite computer program.  (Exhibit 3; *https://youtu.be/IqsLXL88ja8*) |
| detecting initiation of at least one telephone call; and | As shown below, the Juris® Suite Time Entry screen enables detecting initiation of a telephone call, in this example, upon clicking on the start timer button. (*https://youtu.be/IqsLXL88ja8*) |

| | |
|---|---|
| |  |
| generating an individual timekeeper entry box including an entry for a personal code and a second entry for a client identifier corresponding to said at least one telephone call | As shown below, Juris® Suite Timer generates a Juris® Suite Time Entry screen that includes an entry for a personal code ("Timekeeper") and a second entry for a client identifier ("Client" "Matter") corresponding to a telephone call.  (https://youtu.be/IqsLXL88ja8)<br><br> |
| wherein said individual timekeeper entry box contemporaneously tracks time associated with said personal code and said client identifier of said client-service to track time for an individual by client on a telephone call by telephone call basis using the computer. | The Juris® Suite Time Entry screen generated upon detecting initiation of the telephone call comprises a timer  which contemporaneously tracks time of the telephone call  associated with the personal code and client identifier.   (https://youtu.be/IqsLXL88ja8) |

| Claim 31 of Plaintiff's '810 Patent | LexisNexis's Juris® Suite Timer |
|---|---|
| A computer readable medium having computer executable software code stored thereon for an individual realtime billable timekeeper, comprising: | LexisNexis offers for sale, licenses and/or sells software, including software code stored thereon for Juris® Suite Timer providing realtime billable timekeeping.  (Exhibit 3; *https://youtu.be/IqsLXL88ja8*) |
| code for detecting initiation of at least one telephone call; and | As shown below, the Juris® Suite Timer includes code for detecting initiation of a telephone call, in this example, upon clicking on the start timer button . (*https://youtu.be/IqsLXL88ja8*)<br><br> |
| code for generating an individual timekeeper entry box including an entry for a personal code and a second entry for a client identifier corresponding to said at least one telephone call | As shown below, the Juris® Suite Timer includes code for generating an individual timekeeper entry box ("Juris®  Suite Time Entry screen") including an entry for a personal code ("Timekeeper") and a second entry for a client identifier ("Client" "Matter") corresponding to a telephone call. (https://youtu.be/IqsLXL88ja8) |

| | |
|---|---|
| |  |
| wherein said individual timekeeper entry box contemporaneously tracks time associated with said personal code and said client identifier of said telephone call to track time for an individual by client on telephone call by telephone call basis using the computer. | The Juris® Suite Time Entry screen generated upon detecting the initiation of the telephone call comprises a timer which contemporaneously tracks time of the telephone call associated with the personal code and client identifier entered by a user by automatically tracking time of the user's participation in the telephone call.  (*https://youtu.be/IqsLXL88ja8*) |

24.     The foregoing exemplary claim charts compare LexisNexis's Juris® Suite Timer to '810 Claim 29 directed to a method for tracking time for an individual by client on a telephone call by telephone call basis and to '810 Claim 31 directed to a computer readable medium tracking time for an individual by client on a telephone call by telephone call basis.  LexisNexis's Juris®  Suite Timer is similarly configured to perform in the same manner for contemporaneously tracking time for an individual by client on a document-by-document basis ('810 Claims 1 and 18) and client-service by client-service basis ('810 Claims 26 and 28).  *See, e.g.,*  *https://youtu.be/IqsLXL88ja8* (additional examples for Juris® Suite Timer include "Case research," "Met with client on case" and "Administration and Plan.").

25.     As shown above, the Lexis Juris® Suite Time Entry screen includes "said personal code" ('810 dependent Claims 2 and 19); at least a "subject description for entry within said individual timekeeper entry box" ('810 dependent Claims 3 and 20); at least a "pause" and "end" button ('810

dependent Claims 4 and 21); "displaying at least one of a start time, an end time, a total time, a date, a client identifier, a personal code … and a subject description within said individual timekeeper entry box" ('810 dependent Claims 7 and 23); and "displaying a running clock within said individual timekeeper entry box" ('810 dependent Claims 8 and 24).

26.     RELX, through its LexisNexis division promoting itself as a leader with superior legal research solutions for attorneys, has had constructive knowledge of the '810 Patent since publication of Application US2005/0187839A1 on August 25, 2005 and the '810 Patent's issuance on July 24, 2012.

27.     RELX has had actual knowledge of the '810 Patent since at least as early as the filing of the Complaint and receipt of a letter from undersigned counsel, enclosing the Complaint, including Exhibits 1-3, on October 28, 2021.

28.     Because of its infringing acts, RELX has caused damages to Realtime in an amount to be determined by the Court, but no less than a reasonable royalty.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '810 Patent (35 U.S.C. § 271(a))

29.     Realtime incorporates by reference the allegations set forth in the preceding paragraphs as if fully recited herein.

30.     On July 24, 2012, the '810 Patent, entitled "Realtime Billable Timekeeper Method, System And Apparatus" was duly and lawfully issued by the USPTO.

31.     Realtime is the sole assignee and the owner of all rights, title and interest in and to the '810 Patent, and has the right to sue and recover past and current damages for infringement thereof.

**RELX Directly Infringes At Least Claims 1-4,
7-8, 18-21, 23-24, 26, 28-29 And 31 Of The '810 Patent**

32.     Upon information and belief, RELX, through its LexisNexis division, has been, and currently is, directly infringing at least method Claims 1-4, 7-8, 26 and 29 of the '810 Patent by using

and demonstrating its Juris® Suite Timer in the United States generally, and in this jurisdiction specifically.

33.     As shown by the claim chart *supra* comparing method Claim 29 of the '810 Patent with LexisNexis's Juris® Suite Timer, LexisNexis's use and demonstration of the Accused Products meets each and every limitation of Claim 29 of the '810 Patent tracking time for an individual by client on a telephone call by telephone call basis, and therefore, directly infringes the same either literally or under the doctrine of equivalents.

34.     As explained *supra,* because LexisNexis's Juris® Suite Timer is configured to perform in the same manner for tracking time for an individual by client on a document-by-document basis ('810 method Claim 1) and client-service by client-service basis ('810 method Claim 26), LexisNexis's use and demonstration of the Accused Products meets each and every limitation of Claims 1 and 26 of the '810 Patent tracking time for an individual by client on a document-by-document and client-service by client-service basis, respectively, and therefore, directly infringes the same either literally or under the doctrine of equivalents.

35.     As explained *supra*, the Lexis Juris® Suite Time Entry screen includes "said personal code" ('810 method Claim 2); at least a "subject description for entry within said individual timekeeper entry box" ('810 method Claim 3); at least a "pause" and "end" button ('810 method Claim 4); "displaying at least one of a start time, an end time, a total time, a date, a client identifier, a personal code … and a subject description within said individual timekeeper entry box" ('810 method Claim 7); and "displaying a running clock within said individual timekeeper entry box" ('810 method Claim 8). Therefore,  LexisNexis's use and demonstration of the Accused Products meets each and every limitation of '810 method Claims 2-4, 7-8  of the '810 Patent, which depend from and include all the limitations of '810 independent Claim 1, and therefore, directly infringes the same either literally or under the doctrine of equivalents.

36.     Upon information and belief RELX, through its LexisNexis division, has been, and currently is, directly infringing at least method Claims 18-21, 23-24, 28 and 31 of the '810 Patent by making, using, offering to sell, licensing and selling its Juris® Suite Timer in the United States generally, and in this jurisdiction specifically.

37.     As shown by the claim chart *supra* comparing computer readable medium Claim 31 of the '810 Patent with LexisNexis's Juris® Suite Timer, LexisNexis's manufacture, use, offer for sale, license and/or sale of the Accused Products meets each and every limitation of Claim 31 of the '810 Patent tracking time for an individual by client on a telephone call by telephone call basis, and therefore, directly infringes the same either literally or under the doctrine of equivalents.

38.     As explained *supra,* because LexisNexis's Juris® Suite Timer is configured to perform in the same manner for tracking time for an individual by client on a document-by-document basis ('810 computer readable medium Claim 18) and client-service by client-service basis ('810 computer readable medium Claim 28), LexisNexis's manufacture, use, offer for sale, license and/or sale of the Accused Products meets each and every limitation of Claims 18 and 28 of the '810 Patent tracking time for an individual by client on a document-by-document and client-service by client-service basis, respectively, and therefore, directly infringes the same either literally or under the doctrine of equivalents.

39.     As explained *supra*, the Lexis Juris® Suite Time Entry screen includes "said personal code" ('810 computer readable medium Claim 19); at least a "subject description for entry within said individual timekeeper entry box" ('810 computer readable medium Claim 20); at least a "pause" and "end" button ('810 computer readable medium Claim 21); "displaying at least one of a start time, an end time, a total time, a date, a client identifier, a personal code … and a subject description within said individual timekeeper entry box" ('810 computer readable medium Claim 23); and "displaying a running clock within said individual timekeeper entry box" ('810 computer readable medium Claim

24).  Therefore, LexisNexis's use and demonstration of the Accused Products meets each and every limitation of '810 computer readable medium Claims 19-21, 23-24 of the '810 Patent, which depend from and include all the limitations of '810 independent Claim 18, and therefore, directly infringes the same either literally or under the doctrine of equivalents.

40.    RELX's direct infringement of the '810 Patent is without consent of, authority of, or license from Realtime.

41.    Upon information and belief, RELX's direct infringement of the '810 Patent has been and is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Realtime to its attorneys' fees and expenses.

42.    As a result of RELX's acts  of direct  infringement,  Realtime has suffered  and will continue to suffer damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

### (Inducing Infringement of the '810 Patent (35 U.S.C. § 271(b))

43.    Realtime incorporates by reference the allegations of the preceding paragraphs as if fully recited herein.

### RELX Induces Infringement Of At Least Claims 1-4, 7-8, 18-21, 23-24, 26, 28-29 And 31 Of The '810 Patent

44.    Upon information and belief, RELX, through its LexisNexis division, has been, and currently is, indirectly infringing at least Claims 1-4, 7-8, 18-21, 23-24, 26, 28-29 and 31 of the '810 Patent by actively and knowingly inducing its customers to use Juris® Suite Timer within the United States, including within this jurisdiction, in accordance with the asserted claims of the '810 Patent.

45.    Upon information and belief, LexisNexis encourages this infringing activity by offering to sell, license and/or sell the Juris® Suite Timer to its customers, and providing demonstrations, instructions and related documentation, materials, marketing, advertising, training or support for the operation of its Juris® Suite Timer.  On information and belief, LexisNexis has taken these actions

with knowledge of the '810 Patent and with specific intent to encourage infringement of the '810 Patent. LexisNexis has had actual knowledge of the '810 patent and its infringement since at least as early as the filing of the Complaint and receipt of a letter from undersigned counsel, enclosing the Complaint, including Exhibits 1-3, on October 28, 2021.

46.     Upon information and belief, LexisNexis knowingly induced customers to use its Accused Products, including, for example, by promoting the Accused Products online, including, without limitation, through demonstrations and training on its website: www.lexisnexis.com, including LexisNexis University video series for Juris® Suite Time Entry, and/or by providing customers with instructions and/or brochures for using the Accused Products.

47.     Upon information and belief, LexisNexis's active offering to sell, license, selling, demonstrations, training, instructions, documentation and related materials instruct at least one of its customers in the United States to use Juris® Suite Timer in the same manner as described in Paragraphs 18-25, *supra*.

48.     Specifically, upon information and belief, LexisNexis instructs its customers to utilize realtime billable timekeeping using a computer comprising a Juris® Suite computer program.

49.     Upon information and belief, LexisNexis instructs its customers to use the Juris® Suite Time Entry screen detecting initiation of a telephone call by, for example, clicking on the start timer button.

50.     Upon information and belief, LexisNexis instructs its customers to use Juris® Suite Timer to generate a Juris® Suite Time Entry screen that includes an entry for a personal code and a second entry for a client identifier corresponding to a telephone call, document or client-service.

51.     Upon information and belief, LexisNexis instructs its customers to use Juris® Suite Timer programmed on a computer to contemporaneously track time on a telephone call by telephone call, document by document, or client-service by client-service basis associated with a personal code

and a client identifier entered by a user and automatically tracking time of the user's participation in the telephone call, generating a document or participation in a client-service.

52.     Upon information and belief, LexisNexis's past and continued indirect infringement by inducement is without a good-faith belief of non-infringement or invalidity.

53.     RELX's infringement by inducement of the '810 Patent is without consent of, authority of, or license from Realtime.

54.     Upon information and belief, RELX's infringement by inducement of the '810 Patent has been and is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Realtime to its attorneys' fees and expenses.

55.     As a result of RELX's acts of infringement by inducement, Realtime has suffered and will continue to suffer damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### (Contributory Infringement of the '810 Patent (35 U.S.C. § 271(c))

56.     Realtime incorporates by reference the allegations of the preceding paragraphs as if fully recited herein.

**RELX's Contributory Infringement Of At Least Claims
1-4, 7-8, 18-21, 23-24, 26, 28-29 And 31 of the '810 Patent**

57.     As discussed above, RELX has had actual knowledge of the '810 Patent and its infringement since at least as early as the filing of the Complaint and receipt of a letter from undersigned counsel, enclosing the Complaint, including Exhibits 1-3, on October 28, 2021.

58.     Upon information and belief, upon gaining knowledge of the '810 Patent, it was or became apparent to RELX that the operation and use of its Juris® Suite Timer resulted in infringement of the '810 Patent.   But RELX then continued with its infringement despite this knowledge.

59.     These actions and RELX's knowledge of the '810 Patent and its infringement of the patent show that LexisNexis manufactures, uses, offers for sale, licenses and/or sells its Juris® Suite Timer knowing it is especially adapted for practicing the invention of the '810 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Specifically, the Juris® Suite Timer is configured for use in the infringing manner described in  Paragraphs 18-25.  The Juris® Suite Timer is designed for this infringing purpose and is not suited for other purposes.

60.     Upon information and belief, RELX, through its LexisNexis division, has been, and currently is, indirectly infringing at least Claims 1-4, 7-8, 18-21, 23-24, 26, 28-29 and 31 of the '810 Patent by actively contributing to its customers' direct infringement in the United States, including this jurisdiction.

61.     RELX's acts constitute contributory infringement in violation of 35 U.S.C. § 271(c).

62.     Upon information and belief, RELX's past and continued indirect infringement by actively contributing to its customers' direct infringement is without a good-faith belief of non-infringement or invalidity.

63.     RELX's contributory infringement of the '810 Patent is without consent of, authority of, or license from Realtime.

64.     Upon information and belief, RELX's contributory infringement of the '810 Patent has been and is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Realtime to its attorneys' fees and expenses.

65.     As a result of RELX's acts  of contributory  infringement,  Realtime has suffered  and will continue to suffer damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Realtime requests this Court enter judgment as follows:

A.      That the '810 Patent is valid and enforceable;

B.      That RELX has directly infringed, actively induced infringement of and contributorily infringed at least Claims 1-4, 7-8, 18-21, 23-24, 26, 28-29 and 31 of the '810 Patent in violation of 35 U.S.C. §§271(a),(b) and (c);

C.      That such infringement by RELX has been willful;

D.      That RELX accounts for and pays to Realtime all damages pursuant to 35 U.S.C. § 284 to adequately compensate Realtime for RELX's infringement of the '810 Patent, but in no event less than a reasonable royalty for the use made by RELX of the claimed invention of the '810 Patent;

E.      That Realtime receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F.      That this is an exceptional case under 35 U.S.C. § 285;

G.      That RELX pays Realtime all of Realtime's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H.      That Realtime be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of RELX's infringement of the '810 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I.      That costs be awarded in accordance with 35 U.S.C. § 284 to Realtime; and

J.      That Realtime be granted such other and further relief as the Court may deem just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Realtime hereby demands a trial by jury on all issues so triable in this action.


Dated:  October 28, 2021                              Leichtman Law PLLC

                                        By:    /s/ Robert K. Goethals
                                               Robert K. Goethals
                                               David Leichtman
                                               228 East 45th Street | Suite 605
                                               New York, New York 10017
                                               Tel: (212) 419-5210
                                               rgoethals@leichtmanlaw.com
                                               dleichtman@leichtmanlaw.com


                                        *ATTORNEYS FOR PLAINTIFF REALTIME TRACKER, INC.*

COMPLAINT FOR PATENT INFRINGEMENT